EXHIBIT
10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES T. KIMBALL,

    Petitioner,

v.

Case No. 8:09-CV-1157-T-30TGW
Crim. Case No. 8:99-CR-256-RAL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") in the United States District Court for the Southern District of Georgia, Brunswick Division (Dkt. 1). The Southern District of Georgia transferred the case to this Court (Dkt. 4).

### Background

Petitioner was convicted in this Court of conspiracy to distribute a prescription drug without a prescription with intent to defraud or mislead or to make or cause the submission of a materially false document, in violation of 18 U.S.C. § 371; six (6) counts of distributing a prescription drug without a prescription with intent to defraud or mislead, in violation of 21 U.S.C. § 331(a) and 353(b); and making a false statement to the United States Customs Service, in violation of 18 U.S.C. § 1001. *See United States v. Kimball*, Case No. 8:99-cr-256-RAL (M.D. Fla.)(CR Dkt. 248). On September 15,

2000, Petitioner was sentenced to a total of 156 months in prison and committed to the custody of the Bureau of Prisons (Id. at Dkt. 351). On December 5, 2005, Petitioner apparently escaped from the Bureau of Prisons' custody while he was housed at the Federal Prison Camp in Jesup, Georgia (CV Dkt. 4 at pg. 1). On April 7, 2009, Petitioner was arrested on the escape charge (Id. at pg. 2). According to the petition, Petitioner is currently being held at the "Mcintosh County Jail." (Dkt. 1 at pgs. 1, 4).

The petition alleges that the Bureau of Prisons (hereinafter "BOP") tortured him, attempted to kill him, failed to treat his medical conditions, and retaliated against him throughout his previous period of confinement. (Dkt. 1 at pgs. 1-2). The petition asserts that Petitioner is being unlawfully imprisoned because the BOP's treatment of him constitutes cruel and unusual punishment. For relief, Petitioner requests to be released from the BOP's custody for the remainder of his sentence, placed in this Court's jurisdiction, and confined to a probationary term or home confinement for the rest of his prison term (Id. at pg. 4).

## Analysis

Initially, the Court construes Petitioner's petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A federal prisoner's § 2241 petition attacks the manner in which his sentence is being executed. *See, e.g., Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (stating that BOP's "administration of service credits . . . under 18 U.S.C. § 3624 . . . involves the execution rather than the imposition of sentence [and] . . . is a matter for habeas corpus review in district court"). "An aspect of the execution of a federal

2

prisoner's sentence is the BOP's choice of his place of confinement." *Dukes v. Zenk*, 2007 U.S. Dist. LEXIS 96234, *15 (N.D. Ga. July 12, 2007)(citing *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (noting that "petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241").

The BOP has control over the place of Petitioner's imprisonment. 18 U.S.C. § 3621(b) provides:

> The [BOP] shall designate the place of the prisoner's imprisonment. The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP], whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the [BOP] determines to be appropriate and suitable, considering --
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

"[T]he language granting the BOP authority to designate any available penal or correctional facility ... that the [BOP] determines to be appropriate and suitable, 18 U.S.C. § 3621(b), is indicative of Congress' intent to allow the BOP to rely on its own judgment in classifying prisoners and placing them in institutions." *Cohen v. United States*, 151 F.3d 1338, 1343 (11th Cir. 1998)(quotation omitted). "A prisoner has no constitutional right to be housed in a particular facility. *See Tighe v. Wall*, 100 F.3d 41, 42

3

(5th Cir. 1996). Although the sentencing court may recommend a location of imprisonment, such a suggestion is not binding on the BOP." *Antonelli v. Mukasey*, 275 Fed. Appx. 314, 315 (5th Cir. 2008)(unpublished opinion). *See also, United States V. Williams*, 65 F. 3d 301, 307 (2nd Cir. 1995)("the sentencing court has no authority to order that a convicted Defendant be confined in a particular facility "). Simply put, under the circumstances in this case, this Court does not have the authority to order the BOP to confine Petitioner on home confinement or outside of a BOP correctional facility.

To the extent Petitioner complains of the treatment and care he received in the past while incarcerated with the BOP, habeas corpus is not the proper means in which to direct prison authorities in treatment and care of inmates. *See McKinnis v. Mosely*, 693 F.2d 1054, 1056-57 (11th Cir. 1982)(The proper vehicle for a prisoner to challenge his conditions of confinement is a civil rights, rather than a habeas corpus, action.).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The Court shall enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida on July 2, 2009.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

4