UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

JAMES T. KIMBALL,                    |
                                     |
        Petitioner,                  |        Civil Action No. 5:10-CV-00219-
                                     |                    HRW
v.                                   |
                                     |
DEBORAH HICKEY, *Warden*             |        **MEMORANDUM OPINION**
                                     |            **AND ORDER**
        Respondent.                  |

***** ***** ***** *****

Petitioner James T. Kimball is confined in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"). He filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction [D. E. 2] and supplemented the petition with additional allegations, [D. E. 8 and D. E. 16 and 17].

Kimball also filed a series of pleadings in which he asserted claims of deliberate indifference to his medical needs under the Eighth Amendment of the United States Constitution. Kimball demands injunctive relief as to those claims, *i.e.,* either immediate medical treatment or release from federal custody so that he can obtain medical treatment.

As Kimball has paid the habeas filing fee, the Court screens his § 2241 petition. 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).[1] As Kimball fails to state a claim under § 2241, the Court will deny his petition and dismiss this proceeding. By separate Order, the Court will deny Kimball's motions seeking emergency medical and injunctive relief.

## CLAIMS ASSERTED

Kimball alleges that his current federal sentence violates his rights to due process and equal protection of the law in violation of the Fifth Amendment of the United States Constitution. He also alleges that because Bureau of Prisons' ("BOP") officials have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution, he is entitled to early release from BOP custody.

## CONVICTION, APPEAL AND POST-CONVICTION LITIGATION

Kimball was convicted in the United States District Court for the Middle District of Florida of several offenses involving the distribution of prescription drugs.

---

[1]
 *Pro se* pleadings are held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court takes the allegations as true and liberally construes them in the petitioner's favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b). Upon initial review, the Court may dismiss a petition if it fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987); *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

*See United States v. Kimball*, No. 8:99-CR-00256-RAL, (M.D. Fla.) ("the Trial Court"). On October 19, 2000, Kimball was sentenced to a 13-year term of imprisonment.[2] On appeal, Kimball's conviction and sentence were affirmed. *United States v. Kimball*, 291 F. 3d 726 (11th Cir. 2002).

On May 13, 2003, Kimball filed his original 28 U.S.C. § 2255 motion to vacate his sentence in the Trial Court [D. E. 390]. On May 16, 2003, he amended that motion, claiming that an attorney identified as "Wardell," who had represented him during the final phases of his criminal trial, had rendered ineffective assistance by failing to review exculpatory evidence and failing to introduce that evidence through witnesses [D. E. 393].[3]

On September 10, 2003, Kimball filed by counsel a motion to supplement his May 16, 2003, motion, arguing that another attorney, identified as "Dunn," had represented both him, individually, and one of his companies, during his criminal trial. He claimed that Dunn's dual representation created an incurable conflict of interest which had deprived him of his Sixth Amendment right to counsel.

---

[2]

The "Inmate Locator" feature of the BOP website, www.bop.gov, indicates that Kimball's projected release date is June 16, 2015.

[3]

Because the Trial Court did not use electronic filing in 2003, this Court is unable to view either Kimball's original § 2255 motion, D. E. 390, or his motion to amend, D. E. 393, via the Public Electronic Access to Public Records ("PACER") database website.

On November 26, 2003, the Trial Court denied Kimball's "amended" § 2255 motion of May 16, 2003, finding that it did not relate back to his original § 2255 motion of May 13, 2003 [Trial Court D. E. 437 ]. The Trial Court also denied the subsequent motion to supplement, finding that Kimball could have discovered through due diligence the evidence upon which he based his alleged conflict of interest claim.[4] The Trial Court issued a Certificate of Appealability as to whether Kimball's § 2255 claims were untimely, and Kimball appealed.

On January 25, 2005, the Eleventh Circuit affirmed [Trial Court D. E. 449]. The court first determined that Kimball's motion to add the Dunn ineffective assistance of counsel claim was untimely under 28 U.S.C. § 2255(1) because it was not filed until September 10, 2003, over a year after August 12, 2002, the date on which his conviction became final [*Id*., p. 7]. The court next found that the claim was untimely under 28 U.S.C. § 2255(4), finding that Kimball failed to explain why he could not have discovered Dunn's alleged conflict of interest, given that he had prior access to his company's audit records [*Id*., p. 8].

Finally, the court concluded that Kimball's subsequent motion to supplement,

---

[4]

This Court was unable to use PACER to view the Trial Court's Order denying Kimball's § 2255 motions, D. E. 437. The above summary comes from the Eleventh Circuit's Order affirming, D. E. 449, which is accessible for viewing via PACER.

4

in which he attempted to assert the "Dunn" conflict of interest claim, arose from conduct separate from that alleged in his original and amended § 2255 motions, in which he asserted the "Wardell" ineffective assistance of counsel claim. Accordingly, it found that the Trial Court:  (a) properly applied Federal Rule of Civil Procedure 15(d) to Kimball's motion to supplement, and (b) did not abuse its discretion by denying the unrelated motion to supplement  [*Id.*, pp. 8-10].   The mandate issued on March 23, 2005 [*Id.*, p. 1].  According to the Trial Court docket sheet, Kimball did not attempt to appeal to the United States Supreme Court.

## ALLEGATIONS OF THE § 2241 PETITION

 In his § 2241 petition, Kimball states that he was:

 "unlawfully tried and convicted by a jury, of Conspiracy and FDA infractions in Case # 8:99-cr-256 Tampa Fl.  There was no harm and no loss to any person. Additionally, JTK was unlawfully sentenced for his first offense in 60 years, to 13 years imprisonment, commencing in October 2000. . .

[D. E. 2, p.1].

In April 2009, Kimball was charged in Brunswick, Georgia, with escaping from federal custody. *United States v. Kimball*, 2:09-CR-00016-JRH (S. D. Ga.) ("the Escape Proceeding").  According to PACER, the escape charge was dismissed on May 10, 2010 [D. E. 111].

In his § 2241 petition, Kimball challenged both his 2000 conviction in the Trial Court and rulings made in the Escape Proceeding. He alleged that the presiding judge in the Escape Proceeding violated his Fifth Amendment rights to due process of law by refusing his request to be tried by a jury.

As for his 2000 conviction, Kimball claimed that the Trial Court violated both his Fifth Amendment right to due process of law, and his Sixth Amendment right to counsel. Specifically he alleged that the Trial Court lacked jurisdiction to try him; violated his constitutional rights; committed treason; caused him to be unlawfully imprisoned; refused to appoint him counsel until after he was found guilty and sentenced; failed to charge him by indictment; refused to apply the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 124 S.Ct. 2531 (2000)[5]; permitted new charges to be brought against him based solely on a probation officer's report; and disregarded his defense that the Freedom of Speech Clause justified his prescription drug activities. In his October 7, 2010, supplement, he argued that he has been detained in federal custody in violation of the Northwest Ordinance of 1787 and United States Constitution [D. E. 16 and 17].

_____

[5]

In *Apprendi*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."*Id.*, 530 U.S. at 490.

Kimball also filed other pleadings demanding immediate release from federal custody in order to obtain medical treatment for an alleged life threatening aortic aneurysm [D. E. 9, 10, 11, and 12]. Kimball entitled these submissions as either addenda to his § 2241 petition, or as motions seeking temporary injunctive relief. He claimed that the Bureau of Prisons has been deliberately indifferent to his serious medical needs either by failing to provide him with necessary medical care, or refusing to release him from custody so that he can obtain such treatment on his own. The Court will address these claims by separate Order.

## DISCUSSION
### A. Merits of § 2241 Petition and Amended § 2241 Petition

When a federal prisoner seeks to challenge the execution of his sentence, he may do so through a § 2241 petition filed in the district where he is incarcerated. *See Barnes v. Booker*, 116 F. App'x 560, 561 (6th Cir. 2004) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). But, when a federal prisoner seeks to challenge the imposition—rather than the execution—of his sentence in a proceeding other than a direct appeal, he must do so via a § 2255 motion submitted to the sentencing court. *See Barnes*, 116 F. App'x at 561 (citing *Charles*, 180 F.3d at 755-56; *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)).

There is, however, one exception to this rule: a federal prisoner can challenge the imposition of his sentence in a § 2241 petition instead of a § 2255 motion if his remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. § 2255(e); *Charles*, 180 F.3d at 756. This is an very narrow exception. Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner had an earlier unsuccessful Section 2255 motion, or after he has been denied permission to bring a successive motion, or when he has let the one-year statute of limitations run before bringing a Section 2255 motion. *Id.* at 757.

Instead, the Sixth Circuit has interpreted § 2241 as permitting relief, in lieu of relief under § 2255, when the individual can make a showing of actual innocence. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003)). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Thus, only by an intervening Supreme Court decision defining the criminal statute can a petitioner be rendered "actually innocent" of the crime for which he was convicted, so as to qualify to use Section 2241 jurisdiction. Therefore, the Court considers

whether Kimball's § 2255 remedy in the Trial Court was truly inadequate or ineffective to test the legality of his federal detention.

Both the Trial Court and the Eleventh Circuit fully adjudicated Kimball's amended § 2255 motion of May 16, 2003, explaining that his one-month delay in filing that motion rendered it time-barred under § 2255(d)(1). They fully adjudicated, and rejected, Kimball's later attempt to assert the new "Dunn" conflict of interest claim, finding that because it was unrelated to the "Wardell" ineffective assistance of counsel claim, it did not relate back to that claim. Finally, they determined through the earlier exercise of due diligence, Kimball could and should have discovered evidence supporting the alleged Dunn conflict of interest claim.[6]

These adverse rulings did not deprive Kimball of an adequate remedy by which to collaterally challenge his conviction under the Sixth Amendment. As noted, § 2255 is not rendered an "inadequate and ineffective" remedy if the prisoner was unsuccessful in his § 2255 motion; if he was denied permission to bring a successive motion; or if he allowed the one-year statute of limitations to run before bringing a § 2255 motion. *Charles*, 180 F.3d at 756.

In his § 2241 petition, and in his addendum, [D. E. 16 and 17] Kimball asserted

---

[6] The Eleventh Circuit addressed only Kimball's May 16, 2003, motion to amend, D. E. 393, and his subsequent motion to supplement, D. E. 425.

new challenges to his conviction, which do not appear to have been raised his § 2255 motions filed in May of 2003. Under *Charles*, Kimball is not permitted to assert new claims in this proceeding when he could have presented them to the Trial Court in his § 2255 motion, but failed to do so. The remedy under Section 2241 is not an additional, alterative or supplemental, or catch-all remedy. *Charles*, 180 F.3d at 758.

Next, Kimball does not demonstrate that he was convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first § 2255 attack on his conviction. *Bousley v. United States*, 523 U.S. 614, 620 (1998). Accordingly, he has not asserted a claim of actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). It is a petitioner's burden to prove that his remedy under § 2255 is actually inadequate or ineffective, a burden which Kimball has failed to carry. Therefore, under these facts and *Charles* and *Martin*, Kimball is not entitled to invoke the § 2241 jurisdiction of this Court so as to reach the merits of his claims challenging his conviction.

Finally, Kimball objected to the characterization of this proceeding as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and to the July 12, 2010, Order, [D. E. 3], substituting Deborah Hickey as the sole respondent to his § 2241 petition and terminating other improperly named respondents from this action. These motions, [D. E. 4 and 5], and Kimball's request to "amend or correct" the alleged errors, will

10

be denied as frivolous.

Kimball specifically labeled his initial filing as a § 2241 petition. [D. E. 2]. Further, in that filing, he specifically identified § 2241 as the jurisdictional source, stating as follows:

> [t]his Wit [sic] is "NOT" to be construed by this Court as a USC Title 28 § 2255 or subsequent § 2255. This Writ is filed under the conditions and restraints of U.S.C., 2241, which in pertinent part states: This Court holds jurisdiction over the over this Writ and Petitioner and this Writ, "<u>shall be entered in the record of the district wherein the restraint complained of is had</u>; . . . .

[D. E. 2, p. 3] (underlining in original).

Clearly, Kimball invoked 28 U.S.C. § 2241 as the jurisdictional basis of his petition. He can not allege error either in listing this case as a § 2241 petition, or in substituting his custodian Warden Hickey as the sole respondent and terminating other improperly named respondents.

For these reasons, Kimball does not assert a cognizable habeas corpus claim under § 2241. The Court will deny his petition and dismiss this action, *sua sponte*. Kimball's motion demanding an Order addressing the merits of his § 2241 petition [D. E. 8], and his motions seeking an expedited ruling on his petition [D. E. 16 and 17] will therefore be denied as moot.

## B. Motions Seeking Emergency Medical Treatment

Kimball has filed a series of pleadings demanding immediate release from federal custody in order to obtain medical treatment for an alleged life threatening aortic aneurysm [D. E. 9, 10, 11, 12, 16 and 17]. Kimball styled these submissions as either addenda to his § 2241 petition, or as motions seeking temporary injunctive relief, claiming that the Bureau of Prisons ("BOP") has been deliberately indifferent to his serious medical needs by either failing to provide him with necessary medical care or refusing to release him from custody so that he can obtain such treatment on his own.

If Kimball wishes to assert a claim based the alleged denial of medical treatment, he must do so in a separate civil action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and either pay the $350.00 filing fee or seek pauper status. Kimball is not permitted to assert prison condition claims, such as those related to his medical treatment, in a § 2241 petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).

Preliminary to filing such an action seeking medical treatment, he must fully exhaust the claim through the BOP's administrative remedy process, 28 C.F.R. §

542.10-19.[7]  Additionally, Kimball should utilize the emergency relief provisions of 28 C.F.R. 542.18 as to his medical c treatment.  That regulation provides as follows:

> [i]f the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing.

*Id*.

This court has held that prisoners who demand immediate medical treatment must first seek emergency relief under 28 C.F.R. § 542.18.  *In re Russell*, No. 06-64, 2006 WL 897235, at *2  (E.D. Ky., April 5, 2009); *see also Dudley v. Bureau of Prisons*, No. 08-04022, 2009 WL 775535, at *1, n.1 (D. S.D. March 24, 2009). Kimball's motions asking this Court to  intervene in his medical treatment [D. E. 9, 10, 11, 16 and 17], will be denied.

## C. Construed "Compassionate Release" Request

In April and May of 2010, Kimball filed numerous motions in the Escape Proceeding demanding that the BOP provide him with specific medical treatment. Kimball attached his  requests, and the government's response, as exhibits to his motion filed as D. E. 9 in this proceeding  [D. E. 9-1 through D. E. 9-3].  Broadly construed, Kimball's demand for early release from BOP custody, in order to obtain

---

[7]

Kimball filed an Inmate Request to Staff on June 29, 2010, only three days before his filed this action. [D. E. 9-5].  Thus, Kimball could not possibly have completed the other three steps of the BOP's administrative remedy process when he filed this action on July 1, 2010.

emergency medical treatment, constitutes a request for "compassionate release" under 18 U.S.C. § 3582 (c)(1)(A).[8]

A district court cannot modify a defendant's federal sentence based only on the defendant's ill health, except upon motion of the Director of the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). It does not appear from the record that the BOP has filed the requisite motion. Moreover, compassionate release requests are sentencing matters to be raised and addressed in the sentencing court, which in Kimball's case would be

---

[8]

18 U.S.C. 3582(c)(1)(A) states as follows:

(c) Modification of an imposed term of imprisonment.–The court may not modify a term of imprisonment once it has been imposed except that--

    (1) in any case--

        (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that--

            (i) *extraordinary and compelling reasons warrant such a reduction;* or

            (ii) the Defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559 (c), for the offense or offenses for which the Defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the Defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) . . . .

{Emphasis Added}.

the Trial Court.[9]  Thus, even if the BOP Director had requested a reduction in Kimball's sentence, jurisdiction over his compassionate release request would lie with the Trial Court, not this Court.  *See Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003); *Green v. Marberry*, No. 2:06-CV-12410, 2010 WL 2680554, at *2 (E. D. Mich July 6, 2010).

Kimball must pursue his compassionate release request seeking early release from BOP custody in the Trial Court, not in this Court.  Kimball's various motions demanding both early release from BOP custody based upon his alleged medical condition, and a permanent injunction and temporary restraining order [D. E. 9, 10, 11, 12, 16 and 17] will be denied.  Kimball's motion seeking a status report [D. E. 15], will be denied as moot.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)    Petitioner James T. Kimball's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. 2] is **DENIED;**

(2)    Kimball's  "Motion for Order" [D. E. 4] is **DENIED**;

(3)    Kimball's "Motion to Amend/ Correct" [D. E. 5] is **DENIED;**

---

[9]
Kimball filed motions seeking a compassionate release in the Escape Proceeding.  As the government properly responded, Kimball should have been brought those motions before the Trial Court.  *See* D. E. 9-3.  As noted, the Escape Proceeding was dismissed on May 11, 2010.

(4)     Kimball's "Motion for Order to Comply with the Law 'U.S.C. Title 2243'"[D. E. 8] is **DENIED**;

(5)     Kimball's "Motion for Federal Court Intervention Due to Extraordinary Circumstances" [D. E. 10] is **DENIED**;

(6)     Kimball's "Motion to Expedite the Addendum & 6th Request for Federal Court Intervention" [D. E. 11] is **DENIED**;

(7)     Kimball's "Motion for Permanent Injunction and Temporary Restraining Order" [D. E. 12] is **DENIED**;

(8)     Kimball's "Motion for Status Report"[D. E. 15] is **DENIED**;

(9)     Kimball's "Motion to Expedite Writ and Motion for Order for Speedy Trial" [D. E. 17] is **DENIED**; and

(10)    This action is **DISMISSED WITH PREJUDICE**, *sua sponte*.

Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This October 21, 2010.



Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**

16